UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-213 |
| JON C. BALLAY | SECTION "A" |

## ORDER AND REASONS

On April 7, 2021, the Court sentenced Jon C. Ballay to 262 months in prison based on Ballay's plea of guilty to one count of sexual exploitation of a child ("Minor Victim") in violation of 18 U.S.C. § 2251(a) and (e). (Rec. Doc. 124, Judgment). Following an unsuccessful appeal to the Fifth Circuit, Ballay filed a Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 199), which remains pending and stayed at this time.[1] (Rec. Doc. 205, Order).

Ballay has also filed a **Motion to Recuse the Court (Rec. Doc. 207)**, a **Motion to Recuse the Office of the United States Attorney for the Eastern District of Louisiana (Rec. Doc. 206)**, and a **Motion for Appointment of Counsel (Rec. Doc. 202)**. The Government has filed its responses, and Ballay has filed his replies, rendering these motions ripe for consideration.[2]

---

[1] The Court stayed the § 2255 motion so that Ballay's motions to recuse could be addressed before proceeding to the merits of the § 2255 motion. (Rec. Doc. 205, Order). The deadline for the Government to file its response to the § 2255 motion is included at the end of this Order and Reasons.

[2] The Court ordered that two earlier versions of the post-sentencing motions to recuse be struck from the record because Ballay had identified the Minor Victim by name in those documents. (Rec. Doc. 204, Order).

Page 1 of 10

**I.**

On May 29, 2018, the defendant, Jon C. Ballay, entered a plea of guilty to Count Two of a three-count indictment for sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e). (Rec. Doc. 41, Rearraignment Minute Entry). Count Two alleges that on May 21, 2017, Ballay induced the Minor Victim (fourteen years old at the time) to engage in sexually explicit conduct for the purpose of producing a visual depiction (photograph) of that conduct, produced and stored on a cell phone, affecting interstate commerce. (Rec. Doc. 16, Indictment). Counts One and Three charged similar conduct except that the dates of those offenses were May 15, 2017 and May 22, 2017, respectively. (*Id.*).

As part of the plea process Ballay signed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) (Rec. Doc. 42), with an attached Cooperation Agreement (Rec. Doc. 42-1 SEALED), and a Factual Basis (Rec. Doc. 43). The parties agreed to a non-binding recommendation that the Court impose a sentence of between 210 and 262 months in prison. The Government agreed to dismiss Counts One and Three at the time of sentencing. The Factual Basis that Ballay signed refers to approximately twenty sexually explicit photos of the Minor Victim that were found on Ballay's cell phones. (Factual Basis at 2). At the time that Ballay entered his plea of guilty, he had not seen the photographs that formed the basis of Counts One, Two, and Three of the indictment and the Factual Basis. But as to Count Three in particular, Ballay was certain on the day that he pleaded guilty that he had not taken the May 22, 2017 picture, and he indicated so on the signed Factual Basis and during the plea colloquy.

Ballay pleaded guilty and entered into the plea agreement confident that he would earn a sentencing reduction in return for providing substantial assistance to state or federal authorities. (Rec. Doc. 93-4 SEALED Lemann affidavit ¶ 3). After all, according to Ballay, he began cooperating with law enforcement even before the date that the Cooperation Agreement was executed. It was clear from the numerous written communications that Ballay had sent directly to the Court without participation by his counsel—a significant part of those communications were copies of attorney-client communications—that Ballay always believed that the assistance he could render to law enforcement would be objectively valuable and substantial.

Ballay's first disappointment following his guilty plea came when the Draft PSR was produced because the sentencing guideline range in the Draft PSR was significantly higher than either the Government or Ballay had anticipated. The Court granted several continuances of the sentencing date at Ballay's request throughout 2019 so that he could continue in his efforts to render substantial assistance with the goal of obtaining a more favorable sentence.[3]

---

[3] From 2019 through late 2020, Ballay went through a series of attorneys due to difficulties in the attorney-client relationship that he created. With each motion to withdraw Ballay sent communications to the Court that raised baseless ad hominem attacks against his counsel, and ultimately the Court. Those communications did not present Ballay in a favorable light given that he frequently berated and demeaned his attorneys, imperiously ordered them to perform various tasks some of which had nothing to do with the representation for which the Court had provided the attorney. Ballay later criticized one of the withdrawing attorneys for refusing to engage in conduct against the Court that would have been unethical. The Court also gleaned from the communications that Ballay sent to the Court that he was not remorseful for anything that he had done and that he considered himself to be the victim in his criminal case. Ballay insisted (and continues to do so) that the 14 year-old Minor Victim was actually the culpable party in the criminal charges against him.
    The communications that Ballay sent to the Court introduced what would become a recurring theme in his approach to this case, specifically that Ballay believed that his appointed attorneys (as well as the Assistant United States Attorney, the Federal Public Defender, and all CJA panel attorneys) were laboring under a "conflict" because they were more concerned with protecting fellow members of the criminal defense bar who Ballay sought to implicate in criminal

On November 18, 2020, Ballay, through counsel, moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which provides that before imposition of sentence, a defendant may be allowed to withdraw a plea of guilty if he can show a fair and just reason for requesting the withdrawal. (Rec. Doc. 93 SEALED). In that motion Ballay complained that the Government had hindered his ability to provide substantial assistance by refusing to provide him with the investigatory tools that he required (notwithstanding alleged promises from the FBI that he would receive those tools), and that the Government had denied him credit for the substantial assistance that he had provided because the lead prosecutor simply refused to pursue others who may have had sexual contact with the Minor Victim. These prosecutorial decisions spawned Ballay's theory that the conflict of interest depriving him of zealous representation of counsel (see note 3 above), had enlarged to include the Government. The Court denied Ballay's motion to withdraw his guilty plea after being persuaded that the totality of the circumstances raised the inference that Ballay had simply concluded that pleading guilty had been a poor strategic decision. (Rec. Docs. 103 & 110 SEALED Minute Entry & Reasons).

Ballay's second disappointment following his guilty plea came when the Government declined to bring to the Court's attention (via a motion or otherwise) any cooperation or substantial assistance by Ballay that would serve to reduce his sentencing guideline range. Given Ballay's extensive, life-long criminal record, the final PSR assigned a Criminal History Category of V, which placed the parties' agreed-upon sentencing range of between 210 and 262 months in prison out of reach. It was only

---

activity for purposes of rendering substantial assistance, than with zealously representing him. Ballay later included the Court in his allegations regarding a conflict.

because the Court granted several of Ballay's objections at the sentencing hearing that his criminal history score was reduced by 3 points, which resulted in a revised Criminal History Category of IV. With the lower criminal history score, Ballay was able to receive a sentence of 262 months in prison, which was within the range that he had anticipated when he pleaded guilty.[4]

Ballay appealed his conviction and sentence to the Fifth Circuit, which in an unpublished decision laid to rest Ballay's contention that he should have been allowed to withdraw his guilty plea, and his contention that the Government had breached the plea agreement by failing to recognize his cooperation efforts. *United States v. Ballay*, 2022 WL 1114414 (5th Cir. Apr. 14, 2022) (unpublished).

Ballay is now unrepresented and has filed a § 2255 motion to vacate his conviction and sentence, which as explained above is currently stayed pending the disposition of Ballay's Motion to Recuse the Court (Rec. Doc. 207), Motion to Recuse the Office of the United States Attorney for the Eastern District of Louisiana (Rec. Doc. 206), and Motion for Appointment of Counsel (Rec. Doc. 202), which are the subject of this Order and Reasons.

## II.
## Motion to Recuse the Court (Rec. Doc. 207)

Ballay argues that the Court should be recused from this matter—which is now at the post-conviction stage following no success on appeal—because it is biased and prejudiced against him. Ballay contends that the Court has demonstrated its inability to be impartial because it has assumed the role of prosecutor along with various governmental actors (the United States Attorney's Office and the FBI) who selectively

---

[4] At sentencing the Court also ordered Ballay to pay $67,300 in restitution.

prosecuted him. As the Government characterizes Ballay's argument, Ballay believes that he is the victim of a broad conspiracy between the Government and the Court.[5] (Rec. Doc. 210, Opposition at 3). Ballay raised these same contentions in the pro se motions to recuse that he filed in April of 2022 while his appeal was still pending. (Rec. Docs 162, 164). Those motions were denied.

Ballay's disqualification argument grounded on allegations of bias implicates both 28 U.S.C. § 144 and § 455, which are substantively similar if not identical. *Scott v. Crosby Energy Servs.*, No. 19-12736, 2021 WL 2255748, at *4 (E.D. La. May 28, 2021) (Currault, M.J.) (quoting *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989)). Section 144 requires an affidavit that states the facts and the reasons for the belief that bias or prejudice exists, in addition to a certification by counsel of record.[6]

Section 455(a) "sweeps broader" than § 144 because it mandates judicial disqualification "in any proceeding in which [the judge's] impartiality might reasonably be

---

[5] In his reply memorandum Ballay posits that perhaps what really occurred is that the United States misled and manipulated the Court rendering it the Government's "unwitting dupe." (Rec. Doc. 216, Reply at 8). While the Court does not agree with Ballay's contention, even if it were true, this would not be grounds for disqualification of the Court. As to the remainder of the arguments that Ballay raises in his Reply, they do not go to the issue of judicial disqualification but rather focus on impugning the Government.

[6] The certificate of counsel must state that the assertions contained in the affidavit are made in good faith. The certificate of counsel is important because when the procedural requirements of § 144 are satisfied and the affidavit presents facts that if true would convince a reasonable person that bias exists, another judge will be assigned to hear the proceeding. Courts in this district have repeatedly held that a pro se litigant cannot rely on § 144 to move for judicial disqualification because he cannot meet § 144's express procedural requirement pertaining to the certificate of counsel. *See, e.g., Thompson v. Singleton*, No. 22-594, 2023 WL 2941463, at *3 & n.30 (E.D. La. Mar. 3, 2023) (Milazzo, J.). As explained above, substantively § 455 encompasses any argument that could be raised for disqualification under § 144 but procedurally Ballay is not entitled to have his § 2255 motion decided by another judge under § 144. Not only does he lack a certification by counsel, Ballay's affidavit contains no *facts* indicative of bias. Furthermore, as to the recusal motion itself, those are not subject to transfer except under "unusual circumstances." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982).

questioned." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (citing 28 U.S.C. § 455(a)). Section 455 expressly mandates recusal where a judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1).

Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Brocato*, 4 F.4th at 301 (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Id.* (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)). The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id.* at 301-02 (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). Under either statute, adverse rulings or comments by a judge "will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Brocato*, 4 F.4th at 302 (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)).

The Court is persuaded that no reasonable and objective person, knowing all of the facts, would harbor doubts concerning the Court's impartiality or discern an appearance of prejudice. Ballay points to no facts whatsoever suggestive of bias on the part of the Court much less bias derived from an extrajudicial source. Ballay's bias claim is grounded solely on the unsubstantiated and fanciful assertion that the Court has colluded with the Government, not in deciding to prosecute Ballay for the crimes that he

acknowledged committing when he pleaded guilty, but rather for the Government's disinclination to prosecute others.[7]

In sum, Ballay's motion seeking disqualification of the Court is without merit and is therefore denied.

### III.
### Motion to Recuse the Office of the United States Attorney for the Eastern District of Louisiana (Rec. Doc. 206)

Ballay argues that the lead prosecutor and the entire United States Attorney's Office in this district should be disqualified from this matter—which is now at the post-conviction stage following no success on appeal—because the Government has a conflict of interest as demonstrated by the fact that Ballay was prosecuted for his involvement with the Minor Victim whereas other culpable parties were not prosecuted. Ballay raises the same conflict of interest argument that he raised when he was seeking to withdraw his guilty plea by claiming that the Government had breached the plea agreement. The Court rejected the argument explaining that "the Government's reasons for declining to prosecute any individual(s) that Ballay has attempted to implicate in criminal activity with the Minor Victim are irrelevant, Ballay's repeated argument that the lead prosecutor is operating under a conflict of interest and should be disqualified is without merit as is his argument that he is being selectively prosecuted." (Rec. Doc. 110, SEALED Reasons at 10 n.7).

---

[7] And of course a reasonable and objective person considering the Court's impartiality in this matter would be informed that Ballay was facing a much higher sentence absent the Court granting several of his objections at his sentencing hearing. Furthermore, a reasonable and objective person considering the Court's impartiality in this matter would be informed that this Court intervened on Ballay's behalf when the Bureau of Prisons' records did not reflect Ballay's corrected criminal history category.

In opposition, the Government argues that disqualifying counsel for the Government, especially an entire United States Attorney's Office, is a drastic and extraordinary remedy that Ballay simply is not entitled to. The Government argues that Ballay has identified no conflict, much less one that implicates disqualification concerns.

The Court agrees. The "conflict" that Ballay grounds his motion upon is nothing more than the exercise of prosecutorial discretion, which this Court cannot direct. Moreover, Ballay has already pleaded guilty, been sentenced, and had his conviction affirmed on appeal. Ballay has filed his § 2255 post-conviction motion. No conflict of interest prevents the Government from filing its response to the § 2255 motion.

In sum, Ballay's motion seeking disqualification of the Office of the United States Attorney for the Eastern District of Louisiana and the lead prosecutor is without merit and is therefore denied.

## IV.
## Motion for Appointment of Counsel (Rec. Doc. 202)

Ballay moves the Court to appoint him counsel to help investigate the "complicated" and "disputed" facts presented in his § 2255 motion. Ballay argues that he requires counsel to assist him with his claims, particularly since he believes that his claims require an evidentiary hearing.

An indigent prisoner is not entitled to counsel in conjunction with a § 2255 motion unless an evidentiary hearing is required. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)). If a hearing is necessary then the prisoner must have appointed counsel; the failure to do so will mandate reversal. *Id.*

The motion for appointment of counsel is denied. Ballay has successfully filed his § 2255 motion. The Court is not persuaded that Ballay's claims are particularly complicated. The Court will decide in conjunction with consideration of the § 2255 motion itself and the Government's response, which has not yet been filed, whether an evidentiary hearing is required. If the Court determines that an evidentiary hearing is required then the Court will appoint counsel for Ballay, who is indigent, in accordance with mandatory law. But at this time the issue of counsel is premature.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Recuse the Court (Rec. Doc. 207) is DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Recuse the Office of the United States Attorney for the Eastern District of Louisiana (Rec. Doc. 206) is DENIED.**

**IT IS FURTHER ORDERED** that the **Motion for Appointment of Counsel (Rec. Doc. 202) is DENIED.**

**IT IS FURTHER ORDERED** that the stay of Ballay's **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 199)** is vacated. The Government shall file its response to the motion by **March 8, 2024**.

**IT IS FURTHER ORDERED** that Ballay may file a reply memorandum within thirty (30) days after the filing of the Government's response.

January 18, 2024

_____
Jay C. Zainey
United States District Judge
Eastern District of Louisiana