UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-213 |
| JON C. BALLAY | SECTION "A" |

**ORDER AND REASONS**

On April 7, 2021, the Court sentenced Jon C. Ballay to 262 months in prison based on Ballay's plea of guilty to one count of sexual exploitation of a child ("Minor Victim") in violation of 18 U.S.C. § 2251(a) and (e). (Rec. Doc. 124, Judgment). Following an unsuccessful appeal to the Fifth Circuit, Ballay filed a **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 199)**, which the Court stayed for Ballay's benefit so that his motions to recuse could be addressed before proceeding to the merits of the § 2255 motion. (Rec. Doc. 205, Order). Those motions having been denied (Rec. Doc. 216, Order and Reasons), the Government filed its response (Rec. Doc. 218) to Ballay's § 2255 motion, and Ballay's attorney filed a reply in response (Rec. Doc. 229).[1]

**I.**

On May 29, 2018, the defendant, Jon C. Ballay, entered a plea of guilty to Count Two of a three-count indictment for sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e). (Rec. Doc. 41, Rearraignment Minute Entry). Count Two alleged that on May 21, 2017, Ballay induced the Minor Victim (a then fourteen-year-old female) to engage in sexually explicit conduct for the purpose of producing a visual depiction

---

[1] Ballay filed his § 2255 motion pro se but later obtained counsel to represent him in responding to the Government's opposition to the § 2255 motion.

Page 1 of 12

(photograph) of that conduct, produced and stored on a cell phone, affecting interstate commerce. (Rec. Doc. 16, Indictment). Counts One and Three charged similar conduct except that the dates of those offenses were May 15, 2017 and May 22, 2017, respectively. (*Id.*).

As part of the plea process Ballay signed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) (Rec. Doc. 42), with an attached Cooperation Agreement (Rec. Doc. 42-1 SEALED), and a Factual Basis (Rec. Doc. 43). The parties agreed to a non-binding recommendation that the Court impose a sentence of between 210 and 262 months in prison. The Government agreed to dismiss Counts One and Three at the time of sentencing. The Factual Basis that Ballay signed refers to approximately twenty sexually explicit photos of the Minor Victim that were found on Ballay's cell phones. (Rec. Doc. 43 at 2). Ballay had not seen the photographs that formed the basis of Counts One, Two, and Three of the indictment and the Factual Basis until he entered his guilty plea. But as to Count Three in particular, Ballay was certain on the day that he pleaded guilty that he had not taken the May 22, 2017 picture, and he indicated so on the signed Factual Basis and during the plea colloquy.

Ballay pleaded guilty and entered into the plea agreement confident that he would earn a sentencing reduction in return for providing substantial assistance to state or federal authorities. (Rec. Doc. 93-4 SEALED Lemann affidavit ¶ 3). It was clear from the numerous written communications that Ballay had sent directly to the Court without participation by his counsel that Ballay believed that the assistance he could render to law enforcement would be objectively valuable and substantial.

When the draft PSR was released to the parties under seal, Ballay was disappointed to learn that the sentencing range was higher than what he had expected due at least in part to relevant conduct and to Ballay's extensive criminal history. The sentencing was continued at Ballay's request several times throughout 2019 so that he could continue in his efforts to render substantial assistance with the goal of obtaining a more favorable sentence via a motion filed by the Government.

On February 7, 2019, Pascal Calogero III pleaded guilty to one count of conspiracy to commit sex trafficking of a minor. (18-CR-203, Rec. Doc. 22). "J.B.," later understood to be Ballay, was mentioned throughout the factual basis in that case. (*Id.* Rec. Doc. 24). And Minor Victim 1 from the Calogero case and the Minor Victim in this case were the same person. On August 7, 2019, Judge Vance sentenced Calogero to 121 months imprisonment. (*Id.* Rec. Doc. 54).

On November 27, 2019, Ballay's appointed counsel (Arthur Lemann) moved to withdraw citing irreconcilable differences with the client. (Rec. Doc. 64, Motion). On that same date the Court received from Ballay a 14-page hand-written motion in which Ballay castigated his attorney and sought to have his allegedly "conflicted counsel" removed from the case.[2] (Rec. Doc. 65 SEALED). Ballay's motion introduced what would become a recurring theme in his approach to this case, specifically that Ballay

---

[2] Ballay attached to the motion about 20 pages of printed text communications that he had with Mr. Lemann. (Rec. Doc. 65-1 SEALED). These communications did not present Ballay in a favorable light given that he frequently berated and demeaned his attorney, imperiously ordered his attorney to perform various tasks some of which had nothing to do with the representation for which the Court had provided the attorney, and even criticized the 14 year old Minor Victim in this case. (*Id.* at 12). The communications suggested that Ballay was not remorseful for anything he had done and considered himself to be the victim in this case. Ballay blamed others for the charges that he faced, including the Minor Victim, rather than himself.

believed that his appointed attorneys (as well as the Assistant United States Attorney, the Federal Public Defender, and all CJA panel attorneys) were laboring under a "conflict" because they are more concerned with protecting fellow members of the criminal defense bar who Ballay sought to implicate in criminal activity for purposes of rendering substantial assistance, than with zealously representing him by aiding him in his efforts to implicate those attorneys.[3] On December 3, 2019, the Court allowed counsel to withdraw and new counsel was appointed (Catherine Chavarri). (Rec. Docs. 66 & 67). Unfortunately, the new attorney moved to withdraw one month later for personal reasons and on January 13, 2020, new counsel was appointed (David Rozas and co-counsel Karl Ludwig). (Rec. Doc. 70, Order). A little over month later, counsel moved to withdraw at Ballay's request. (Rec. Doc. 76, Motion to Withdraw). Rather than grant the motion outright, the Court set the motion for hearing and continued Ballay's sentencing pending adjudication of the motion to withdraw. (Rec. Docs. 77 & 83). As he had done when his first attorney moved to withdraw, Ballay sent the Court a hand-written memorandum with printed copies of his communications with his attorneys attached.[4] (Rec. Doc. 84 SEALED). The Court denied the motion finding no legal basis

---

[3] Ballay re-raised this issue in the Notice of Appeal that he filed without participation by counsel. (Rec. Doc. 105 SEALED). Of course one of the baseless attacks that Ballay mounted on his then attorney was that he refused to file a notice of appeal when the Court denied the motion to withdraw guilty plea on January 28, 2021. As the Court explained in an Order (Rec. Doc. 107 SEALED) entered to clarify the status of the case in light of Ballay's Notice of Appeal, the Notice of Appeal was not proper and was without legal efficacy to delay the sentencing.

[4] Similar to the communications that he had had with Mr. Lemann, Ballay, attacked the FPD and the Court for being involved in a coverup to help criminal attorneys who Ballay claims were involved in even more egregious behavior than his. One of the points of contention during Mr. Rozas's representation was that he refused to make baseless accusations against the Court at Ballay's insistence presumably for the purpose of having another judge preside over his case. (Rec. Doc. 84 SEALED at 76).
    Ballay sent the attorney communications to the Court so that the Court would understand how he has not received conflict-free and "uncolluded" representation. (Rec. Doc.

to support Ballay's request to have his attorneys withdraw. (Rec. Doc. 85, Minute Entry). The sentencing was rescheduled for August 2020. On June 18, 2020, counsel moved again to withdraw citing a conflict of interest with the client. The Court granted that motion and Mr. Ian Hipwell was appointed to represent Ballay. (Rec. Doc. 89, Order). Ballay's sentencing was then set for November 24, 2020.

On November 18, 2020, Ballay, through counsel, filed a motion to withdraw his guilty plea. (Rec. Doc. 93). The Court held a telephone conference with counsel on January 28, 2021, after the briefing was closed. (Rec. Doc. 103, Minute Entry). At that telephone conference the Court denied the motion explaining that written reasons would follow. The written reasons were filed under seal on March 8, 2021. (Rec. Doc. 110, SEALED Reasons). Ballay's sentencing was set for April 7, 2021.[5] (Rec. Doc. 103).

The Court sentenced Jon C. Ballay to 262 months in prison based on Ballay's plea of guilty to one count of sexual exploitation of a child ("Minor Victim") in violation of 18 U.S.C. § 2251(a) and (e). (Rec. Doc. 124, Judgment). Ballay filed an appeal in which he argued that the Court had erred in refusing to grant him an evidentiary hearing regarding his motion to withdraw the guilty plea based on his claim of actual innocence. Ballay also raised issues pertaining to his contention that the Government had breached the plea agreement when it refused to consider his alleged cooperation efforts and refused to bring to the Court's attention those efforts prior to sentencing. Ballay also argued that the Court had erred in refusing to grant him an evidentiary hearing

---

84-2 SEALED at 2). To be sure, the communications are enlightening because they made very clear the source of any problems that Ballay had with his former attorneys and they persuaded the Court that Ballay did not have conflicted counsel at any time during his criminal case.

[5] As noted above in footnote 3 above, Ballay tried to delay the sentencing by filing a Notice of Appeal without participation from his attorney, who he accused of having a conflict of interest.

regarding those alleged breaches by the Government. The Fifth Circuit rejected all of Ballay's arguments on appeal and affirmed. *United States v. Ballay*, No. 21-30190, 2022 WL 1114414 (5th Cir. Apr. 14, 2022) (per curiam).

Following his unsuccessful appeal to the Fifth Circuit, Ballay filed the instant Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 199).

**II.**

Ground One is that Ballay is actually innocent of the charges that he pleaded guilty to in Count II because other actors used his phone to produce the photographs at issue, and the Government suppressed evidence that would have demonstrated Ballay's innocence. Ground Two is that Ballay received ineffective assistance of counsel when he entered the guilty plea because his attorney should have ensured that Ballay was able to view the Count II photographs before entering the guilty plea, and that his attorney should have filed motions to discover the Government's suppression of exculpatory evidence.[6] Ground Three is that Ballay received ineffective assistance of counsel at sentencing when his attorney did not pursue a claim of actual innocence on his behalf by moving to compel the Government to produce exculpatory evidence. Ballay contends that his attorney should have entered objections, moved for an evidentiary hearing, and moved for dismissal of all charges based on selective prosecution. Ballay also contends that he received ineffective assistance of counsel on his direct appeal because his attorney refused to raise certain claims that Ballay wanted to appeal.[7] Ground Four is that the Government knowingly provided false information to

---

[6] Ballay was represented by Arthur A. Lemann, III when he entered his guilty plea.

[7] Ballay was represented by Ian Hipwell at the sentencing hearing. Ballay was represented by Christopher Aberle on appeal.

the Court at the sentencing hearing yet the Court took no action to intervene to protect Ballay's rights and actually assumed the role of prosecutor.[8]

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been

---

[8] Numerous times throughout the various stages of Ballay's criminal case Ballay has accused the Court of bias and prejudice and has moved the Court to recuse (when acting pro se). The Court denied each of Ballay's prior requests for recusal so the Government contends that any reurged request for recusal in conjunction with the § 2255 motion is moot. The Court agrees with that contention given that Ballay is simply rehashing the same bias arguments that the Court has rejected in the past.
   Another recurring theme throughout Ballay's criminal case was his ongoing and unfounded complaints regarding the representation of every attorney that the Court appointed to represent him.

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Rice*, 2015 WL 4911667, at 3 (citing *Strickland*, 466 U.S. at 697). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Id.* (citing *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001)); *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (citing *Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004)).

### III.

Ground One is that Ballay is actually innocent of the charges that he pleaded guilty to in Count II because other actors used his phone to produce the photographs at issue, and the Government suppressed (and continues to withhold) evidence that would have demonstrated Ballay's innocence.

The actual innocence argument that Ballay raises in the posture of his § 2255 motion is not new. Ballay raised the same actual innocence argument when he moved the Court to withdraw his guilty plea prior to sentencing. On appeal, Ballay unsuccessfully argued that he should have been allowed to withdraw his guilty plea based on actual innocence but the Fifth Circuit rejected that claim and concluded that he was not entitled to an evidentiary hearing on his assertion of actual innocence. As the Government points out, actual innocence is not an independent ground for post-conviction relief,[9] and beyond that, Ballay simply relies upon the same arguments and

---

[9] To be clear, the Court is not suggesting that Ballay's "evidence" establishes his actual or factual innocence.

the same "evidence" that he relied upon when he previously and unsuccessfully attempted to withdraw his plea of guilty. Ballay is not entitled to post-conviction relief on his Ground One claim of actual innocence.

Ground Two is that Ballay received ineffective assistance of counsel when he entered the guilty plea because his attorney should have ensured that Ballay was able to view the Count II photographs before entering the guilty plea, and that his attorney should have filed motions to discover the Government's suppression of exculpatory evidence.

The basis for Ballay's Ground Two is not new, having been addressed at length when the Court denied Ballay's pre-sentencing motion to withdraw his guilty plea. (Rec. Doc. 110, SEALED Reasons). Ballay's arguments have no more merit now when recast as an ineffective assistance of counsel claim raised in a § 2255 motion.

Ballay's plea counsel was not deficient for failing to launch an investigation into location data on cell phones. When Ballay pleaded guilty and signed the factual basis (Rec. Doc. 43), he admitted that he produced sexually explicit photographs of the Minor Victim on May 15, 2017 and May 21, 2017 in two locations that formed the basis for Counts 1 and 2 of the indictment. Even absent an investigation, Ballay disputed whether he had taken the May 22, 2017 photograph and so that was expressly noted on the factual basis. (Rec. Doc. 43 at 3). As the Government points out, even if Ballay had been correct about the May 22, 2017 photograph (which the Government disputes) Ballay nonetheless had acknowledged his guilt as to the conduct charged in Count 1 of the indictment. As the Court previously noted, the Government had at least one photograph that Ballay took of himself in the mirror at one of the shoots that produced

the photographs that formed the basis of the indictment in this case. (Rec. Doc. 110, SEALED Reasons at 16 n.8 (citing Rec. Doc. 93-2 SEALED Def. Exhibit 1, 12/18/17 letter). The transcript from the change of plea hearing clearly establishes that Ballay admitted his actual guilt to the crime charged in Count Two as fleshed out by the factual basis. (SEALED Reasons at 16). Ballay has not established that his plea counsel rendered ineffective assistance of counsel for failing to launch an investigation or to file frivolous motions.

As the Court previously explained, Ballay knowingly pleaded guilty as part of a strategy to receive a lesser sentence because he believed that his assistance to the Government would be valuable. The Government correctly asserts that had Ballay gone to trial in all likelihood he would have been worse off because he would have been subjected to more counts of conviction, the absence of a joint recommendation that Ballay's sentence be capped at 262 months in prison, and a higher recommended guideline range. It was only when Ballay realized that he would not get the benefits that he wanted that he moved to withdraw his guilty plea and began to complain about the events leading up to his plea. (Rec. doc. 110, SEALED Reasons at 12). Ballay is entitled to no relief on his Ground Two claim.

Ground Three is that Ballay received ineffective assistance of counsel at sentencing when his attorney did not pursue a claim of actual innocence on his behalf by moving to compel the Government to produce exculpatory evidence. Ballay contends that his attorney should have entered objections, moved for an evidentiary hearing, and moved for dismissal of all charges based on selective prosecution.

To the contrary, Ballay's counsel made twenty-three objections to the PSR and challenged the calculation and application of the Sentencing Guidelines. The Court granted several of the objections made by Ballay's counsel and this allowed Ballay to receive a sentence in the range that he had hoped for when he entered his plea. Ballay has not established that any other objection would have been successful and resulted in a lower sentence.

Ballay also contends that he received ineffective assistance of counsel on his direct appeal because his attorney refused to raise certain claims that Ballay wanted to appeal. Ballay has not identified a specific non-legally frivolous claim that his appellate counsel should have raised that would have resulted in a different outcome on appeal. This is particularly true since as part of his plea agreement Ballay waived his appeal rights except as to ineffective assistance of counsel (which is now ripe and being raised as a post-conviction claim) or that his sentence exceeded the statutory maximum, which it did not. Ballay's counsel did raise on appeal the Court's denial of Ballay's motion to withdraw his guilty plea based on a claim of actual innocence, and Ballay's contention that the Government had breached the plea agreement regarding Ballay's cooperation efforts. The Fifth Circuit rejected those claims on appeal. Ballay has not established that any other claim that could have been raised on appeal would have been meritorious and resulted in a reversal/vacatur in his favor. Ballay is entitled to no relief on his Ground Three claim.

Ground Four is that the Government knowingly provided false information to the Court at the sentencing hearing yet the Court took no action to intervene to protect Ballay's rights and actually assumed the role of prosecutor.

Ballay's Ground Four presents nothing new because Ballay repeatedly engaged in unfounded character attacks against the lead prosecutor for the Government as well as the Court, once it became apparent that the Government was not impressed with Ballay's cooperation efforts and that the Court would not allow Ballay to withdraw his guilty plea. Ballay's unfounded claims that the Court and the lead prosecutor were laboring under conflicts of interest became recurring themes during the criminal case and they have no more merit at this time than they did during the pendency of Ballay's criminal case. Ballay is entitled to no relief on his Ground Four claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 199)** filed by Jon C. Ballay is **DENIED**.

March 11, 2025

_____
Jay C. Zainey
United States District Judge
Eastern District of Louisiana